UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| OMAR MEDINA ALEJANDRO, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 22-0405 (UNA) |
| UNITED STATES PRESIDENT, *et al.*, | ) ) ) | |
| Defendants. | ) ) ) | |

**<u>MEMORANDUM OPINION</u>**

This matter comes before the court on review of plaintiff's application to proceed *in forma pauperis* and his *pro se* civil complaint. The Court will grant the application and dismiss the complaint.

A *pro se* litigant's pleadings are held to less stringent standards than the standard applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even *pro se* litigants, however, must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). The purpose of the minimum standard of Rule 8 is to give fair notice to the defendants of the claim being asserted, sufficient to prepare a responsive answer, to prepare an adequate defense

and to determine whether the doctrine of *res judicata* applies.  *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Plaintiff alleges that he is "punished . . . in the shower" and that "people are verbally groping [him]" because he had exercised his First Amendment rights.  Compl. at 4.  He further alleges that his "life is in danger when people violate" his Fourth Amendment rights by "watch[ing] and say[ing] things to [him] in the shower."  *Id.*  He demands an award of $100 million.  *Id.*

As drafted, plaintiff's complaint fails to comply with the minimal pleading standard set forth in Rule 8(a).  Plaintiff neither states a basis for this Court's jurisdiction, sets forth a short and plain statement of an actual legal claim, nor articulates no basis for an award of $110 million.  Furthermore, "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, [or] obviously frivolous[.]"  *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (internal quotation marks and citations omitted).

The Court will, accordingly, grant the application to proceed *in forma pauperis* and dismiss the complaint without prejudice.   A separate order will issue.


DATE: March 9, 2022                                       /s/
                                                          AMIT P. MEHTA
                                                          United States District Judge